CHERYL McINERNEY, ADMINISTRATRIX (ESTATE OF MICHAEL McINERNEY) ET AL. *v.* CECIO BROTHERS, INC., ET AL.
(10584)

HEALEY, PARSKEY, SHEA, GRILLO and COVELLO, Js.

Argued February 10—decision released March 22, 1983

*Frank W. Murphy,* with whom, on the brief was *Reuben S. Midler,* for the appellants (plaintiffs).

*Robert D. McGann,* for the appellee (named defendant).

*Julian A. Sohon, Jr.,* for the appellee (defendant Martin Monic).

PER CURIAM. In this action, which arises out of the death of Michael McInerney, his estate claims damages for wrongful death, his wife's estate claims damages for loss of consortium for the period that she survived her husband, and his two children claim damages for loss of his society and services. These claims are set forth in a nine count complaint against the named defendant, for which Michael McInerney was working at the time of the accident which resulted in his death, and against two of his co-employees, who are alleged to have been at fault because of their wilful and wanton acts.

The trial court granted a motion of the defendant employer to strike the three counts of the complaint directed against it. Upon motion of one of the co-employees, the defendant Martin Monic, the court also struck two of the three counts against him. The effect of these rulings was to leave standing in the trial court the count of the estate of Michael McInerney for wrongful death against Martin Monic and the three counts against the other co-employee, Emil Cecio, who had elected to answer the complaint rather than move to strike any part of it.

The plaintiffs appealed from the "decision" granting the motions to strike rather than from a judgment, contrary to our established practice. General Statutes § 52-263; Practice Book § 3000. We might overlook this deficiency, which the defendants have waived by their failure to object, if there were in

fact a judgment, but there is none, nor could one properly have been rendered. Practice Book § 157 authorizes the entry of judgment following the granting of a motion to strike only "in those instances where an entire complaint, counterclaim or cross complaint has been stricken . . . ." Since the court struck only five of the nine counts of the complaint, no judgment could have been rendered. "[T]he evident purpose of this restriction was to discourage piecemeal litigation by limiting appeals to situations where all of the claims made by a party have been resolved by the decision upon the motion to strike." *Kilbride* v. *Dushkin Publishing Group, Inc.,* 186 Conn. 718, 721, 443 A.2d 922 (1982) ; *Breen* v. *Phelps,* 186 Conn. 86, 89–90, 439 A.2d 1066 (1982).

In *Kilbride* v. *Dushkin Publishing Group, Inc.,* supra, 724–25, we held that where a judgment following the granting of a motion to strike was not authorized by § 157, the defect was jurisdictional and the appeal had to be dismissed. The fact that this appeal was filed prior to that decision is not a sufficient distinction nor is the fact that all of the counts against one defendant, the employer, have been stricken. "We cannot read into § 157 any exception for situations where the partial judgment rendered is fully dispositive insofar as some of the parties are concerned." *Kilbride* v. *Dushkin Publishing Group, Inc.,* supra, 724. Furthermore, the complete disregard of § 157 by the plaintiffs in failing to seek a judgment under its provisions would have warranted dismissal of the appeal even prior to *Kilbride. Costecski* v. *Skarulis,* 103 Conn. 762, 131 A. 398 (1925) ; see *Breen* v. *Phelps,* supra, 89.

The appeal is dismissed.